## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN LANNUNZIATA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>AMERICAN STOCK TRANSFER &<br>TRUST COMPANY, LLC, AND TELADOC<br>HEALTH, INC.,<br><br>　　　　　　Defendants. | Civil Action No.<br>3: 20 - CV - 1865  (CSH)<br><br><br><br>JANUARY 27, 2021 |

## ORDER RE: SUBJECT MATTER JURISDICTION

### I.  BACKGROUND

Plaintiff Lynn Lannunziata brings this action against Defendants American Stock Transfer & Trust Company, LLC ("American Stock") and Teladoc Health, Inc. ("Teladoc") for damages due to breach of fiduciary duty, negligence, breach of contract, and unfair trade practices regarding common stock of Teladoc.  Plaintiff, an employee of Teladoc, had purchased such stock under the terms of an employee stock incentive plan; and Defendant American Stock allegedly "held her Teladoc shares" as contractual administrator of Teladoc's Employee Stock Option Plan.  Doc. 1, at 3 (¶ 13).

According to her Complaint, "[i]mmediately upon moving" to a new residence in Hamden, Connecticut, Plaintiff "updated her mailing address with the United States Post Office" and "updated her home address with Teladoc." *Id.* (¶ 11).  Moreover, after eventually leaving her employment with Teladoc, Plaintiff continued to hold her Teladoc shares with American Trust. *Id.* at 4 (¶ 15).  However, in early 2020, she contacted American Trust and learned that it no longer held her shares.

1

*Id.* (¶ 16). These shares, Plaintiff's intended "retirement nest egg," had been deemed "unclaimed property" and sent to the State of Connecticut. *Id.* (¶¶ 16-17). Plaintiff's Teladoc stock was then sold by the Office of the Connecticut State Treasurer, Unclaimed Property Division. *Id.* at 4-5 (¶¶ 17-18). Plaintiff alleges that at all relevant times, both Teladoc and American Stock "had [her] current address of record on file." *Id.* at 5 (¶ 19). She thus concludes that "the transfer and sale of [her] shares would not have occurred but for Teladoc's and/or [American Stock]'s failure to contact [her] regarding the possible abandonment and sale of her Teladoc shares." *Id.*

In the pending action, Plaintiff bases the Court's subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332(a).[1] *Id.* at 1-2 (¶ 2). Specifically, Plaintiff alleges that she brings this action under the diversity statute, "asserting that this is an action between citizens of the States [sic] of Connecticut on the one hand and a corporations [sic] with principal places of business in New York on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* However, as set forth below, Plaintiff's allegations are insufficient to establish diversity jurisdiction.

---

[1] In asserting diversity jurisdiction, Plaintiff cites 28 U.S.C. § 1332(a)(2), Doc. 1, at 1-2 (¶ 2), which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – . . . (2) citizens of a State and citizens or subjects of a *foreign state* . . . ." 28 U.S.C. § 1332(a)(2)(emphasis added). However, there are no allegations in Plaintiff's Complaint to suggest that Plaintiff or either Defendant is a citizen of a foreign state. (For example, New York, although unique in many regards with respect to other states, is not a "foreign state," such as France.) It is thus likely that Plaintiff meant to cite the prior subsection, § 1332(a)(1), which vests the district court with original jurisdiction over a civil action where the minimal jurisdictional amount, exceeding "$75,000, exclusive of interest and costs," is present and the action is between "citizens of *different states*." *Id.* § 1332(a)(1) (emphasis added).

## II.  DISCUSSION

### A.    Subject Matter Jurisdiction

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-80 (1803)).  In general, it may only exercise subject matter jurisdiction if either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1).  *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter jurisdiction *sua sponte* – "on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." 546 U.S. at 514. *See also, e.g., Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991) ("Although we would not normally consider an issue not raised below, the lack of subject matter jurisdiction may be raised at any time, by the parties, or by the court *sua sponte*.").

Unlike personal jurisdiction, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514 (citation omitted). *See* Fed. R. Civ. P. 12(h)(3)( If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See also, e.g., Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) ("A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.")(quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)), *cert. denied*, 140 S. Ct. 1117, 206 L. Ed. 2d 185 (2020); *Thompson v. United States,* 795 F. App'x 15, 17 (2d Cir. 2019)("Dismissal of a complaint for lack of subject matter jurisdiction is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'") (quoting *Makarova,* 201 F.3d at 113)*, cert. denied,* 140 S. Ct. 2675, 206 L. Ed. 2d 826 (2020); *Lyndonville  Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (If subject matter jurisdiction is lacking, the action must be dismissed."); *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.") (citations omitted).

In the case at bar, Plaintiff has included solely state law claims in her Complaint.  Therefore, there is no arguable basis upon which the Court may assert "federal question" subject matter

4

jurisdiction over this action, 28 U.S.C. § 1331.[2]  As discussed above, Plaintiff alleges that the alternate jurisdictional basis of "diversity of citizenship" exists under 28  U.S.C. § 1332(a). That statute provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

In order for diversity of citizenship to exist in this action, all plaintiffs' citizenship must be diverse from that of all defendants. *See, e.g.*,  *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).  *See also  Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule.").

In addition, there must be a minimum amount in controversy exceeding "$75,000, exclusive of interest and costs,"  28 U.S.C. § 1332(a).  Plaintiff must allege in good faith that she sustained sufficient damages to invoke the Court's subject matter jurisdiction based on diversity of

---

[2]  28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

citizenship.[3]

## B.     Diversity of Citizenship

### 1.  *Citizenship of Plaintiff Lynn Lannunziata*

As to her own citizenship, Plaintiff alleges that she, Lynn Lannunziata, is "an individual who was at all relevant times residing in the city of Hamden, Connecticut."[4] Doc. 1, at 2 (¶ 6).  With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).  This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to *residence. See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir.1967) ("[I]t has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation"—*i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).

Because Plaintiff has simply alleged her *residence* in Hamden, Connecticut, she has not established her citizenship.  Plaintiff has not pled sufficient facts to prove her citizenship on the date

---

[3] Congress included this jurisdictional amount with the intention of "remov[ing] from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts." *Brown v. Bodak*, 188 F. Supp. 532, 533–34 (S.D.N.Y. 1960) (citing 1958 U.S. Code Congressional and Administrative News, pp. 2594-95).

[4] In the fact section of her Complaint, Plaintiff alleges that "[o]n April 13, 2015, [she] purchased a new home in Hamden, Connecticut, located on 96 Mansur Road." Doc. 1, at 3 (¶ 10). Plaintiff does not, however, confirm that this was her fixed and permanent home at the commencement of this action.

this action commenced.

### 2.  Citizenship of  Defendants

#### a.  American Stock Transfer & Trust Company, LLC

With respect to the citizenship of American Stock, Plaintiff alleges that American Stock is "a business entity based out of New York that in the ordinary course of business regularly, on behalf of itself or others, transacts business in the State of Connecticut." Doc. 1, at 2 (¶ 7).  In alleging that American Stock is a generic "business entity," Plaintiff fails to specify whether it is a limited liability company or a corporation.  If American Stock is a limited liability company, as the "LLC" in its name seems to suggest, for diversity purposes, "a limited liability company takes the citizenship of *each of its members*." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)).  *See also Wise v. Wachovia Secs, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*") (emphasis added).

Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman*, 213 F.3d at [51-52], and remanding removed action for lack of diversity jurisdiction).  If American Stock is a limited liability company, Plaintiff has failed to specify the identities and citizenship of each of its members. Should American Stock be an LLC, each member's citizenship must be established because if any of its members is a citizen of the same State of which Plaintiff is a citizen, diversity will not be present in this matter.

On the other hand, if American Stock is a corporation, it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Therefore, to determine the citizenship of a corporation, the Court must be informed of *all* of the states in which it is incorporated and its *principal place of business*.  It is not sufficient to allege that a corporation simply transacts business in a state to establish that corporation's "principal place of business." Also, if as Plaintiff asserts, this action is "between  citizens of the States [sic] of Connecticut on the one hand and a corporations [sic] with principal places of business in New York on the other," Doc. 1, at 1-2 (¶ 2), Plaintiff must specify the specific New York address which is the  principal place of business for each Defendant corporation.

Accordingly, whether Defendant American Stock is a limited liability company or a corporation, Plaintiff has failed to establish its state(s) of citizenship for diversity purposes.

### b. Teladoc Health, Inc.

As to the citizenship of Teladoc, Plaintiff's allegations are also insufficient to establish its citizenship for diversity purposes.  Plaintiff alleges that "Defendant Teladoc Health, Inc. is a business based out of New York that in the ordinary course of business regularly, on behalf of itself or others, transacts business in the State of Connecticut" and "in August 2018, Teladoc, Inc. changed its name to Teladoc Health, Inc." Doc. 1, at 2 (¶ 8).  As with her allegations regarding American Stock, Plaintiff fails to allege whether Teladoc is a corporation or limited liability company.  In either case, her allegations fail to establish its citizenship for diversity purposes.

First, if Teladoc is a corporation, as indicated by "Inc." in its title, as discussed *supra*, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It is insufficient to allege the state where a corporation is based or merely transacts business. One must specify all states in which Teladoc is incorporated and the location of its principal place of business.

Second, as discussed *supra*, if Teladoc is a limited liability company, to establish diversity jurisdiction, Plaintiff must provide the identity and citizenship of each of its members. *Bayerische Landesbank*, 692 F.3d at 49. Only then can the Court determine all states in which a limited liability company is a citizen. Accordingly, Plaintiff has failed to establish the citizenship of Teladoc for diversity purposes.

## C.    Jurisdictional Amount in Controversy

Finally, even if the citizenship of the parties can be demonstrated to be diverse, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). *See also Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir.1996) (same). The amount in controversy must thus "appear on the face of the complaint or be established by proof." *Miller v. European Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996).

This burden is "hardly onerous," however, because the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde–Meskel*, 166 F.3d at 63. *See also Colon v. Rent-A-Ctr., Inc.*, 13 F.

Supp. 2d 553, 558 (S.D.N.Y. 1998) ("[T]he amount in controversy is measured strictly from the plaintiff's viewpoint, without regard to the amount at stake for any other party.") (citing *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 48-49 (2d Cir. 1972), *cert. denied*, 409 U.S. 983 (1972)). This remains the "majority rule" in this Circuit,  applying to both removal actions as well as actions filed originally in federal court. *Colon*, 13 F. Supp. 2d at 553 (citing *Cowan v. Windeyer*, 795 F.Supp. 535, 537 (N.D.N.Y.1992)).

Here, Plaintiff has alleged that the shares of common stock in Teladoc she purchased as an employee-participant in the Teladoc employee stock incentive plan were worth $70,743.40 on July 1, 2015, the date Teladoc conducted the IPO of its common stock on the New York Stock Exchange. Doc. 1, at 4 (¶ 14).  However, she asserts that today her "investment in Teladoc (NYSE:TDOC) would be worth more than $450,000 given Teladoc's current market price." *Id.*  In early 2020, Plaintiff was allegedly notified by American Stock, the contractually appointed administrator of the Teladoc Employee Stock Option Plan, that American Stock no longer held her shares.  *Id.* at 3-4 (¶¶ 13, 16-18).  She later learned that because Teladoc and/or American Stock failed to keep adequate records regarding her home address in Hamden – after she moved from one house to another in that city – her stock had been transferred to the State of Connecticut as "unclaimed property," and thereafter "sold without her knowledge," yielding the State Treasurer's Office cash proceeds of $63,432.34." *Id.* at 4-5 (¶¶ 17-18).  Accepting Plaintiff's allegations that the Teladoc stock at issue, which should have been held for her by American Stock to the present day, would be valued at "more than $450,000," the amount of the matter in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's claims thus fall well within the jurisdictional limit for diversity actions under 28 U.S.C. § 1332(a).  If the Court determines there is diversity of citizenship between

Plaintiff and each Defendant, she will be left to her proof regarding the specific amount of her damages.

### III.  CONCLUSION

"Diversity jurisdiction requires that all of the adverse parties in a suit be completely diverse with regard to citizenship." *Handelsman*, 213 F.3d at 51 (citation, internal quotation marks, and ellipsis omitted).  Moreover, in general, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). However, to determine whether it has subject matter jurisdiction –  exercising expediency while insuring that each party has the opportunity to present accurate, relevant facts regarding its citizenship – the Court hereby ORDERS each of the parties to establish, by affidavit, citizenship for diversity purposes as of the date the action was commenced, December 15, 2020.

Specifically, Plaintiff Lynn Lannunziata is ORDERED to submit an affidavit indicating her state of citizenship at the commencement of the action.  In particular, she must declare:  (1) the state in which she was *domiciled* and principally established or her "true fixed home" and (2) the names, if any, of other states in which she had a  residence.  If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

In addition, each Defendant, American Stock Transfer & Trust Company, LLC, and Teladoc Health, Inc., must declare whether it is a limited liability company or corporation.  If either is a limited liability company, it must submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of December 15, 2020.  If said members are individuals, the

11

limited liability company Defendant must provide their states of domicile.  If any members are corporations, the Defendant must indicate all states of incorporation and the principal place of business for each corporation, 28 U.S.C. § 1332(c)(1).  Furthermore, if any member of the Defendant is itself a limited liability company, the Defendant shall establish  the citizenship of each member of that limited liability company as well.

Alternatively, if either of the Defendants is a corporation, it must provide all states of its incorporation and the address of its principal place of business.  28 U.S.C. § 1332(c)(1).

All  parties shall file and serve their affidavits regarding citizenship on or before **February 19, 2021.**  All case deadlines, including the current deadlines for the Defendants to answer or respond to the Complaint, are STAYED pending the Court's review of the affidavits.[5]  Because Defendant Teladoc has not yet appeared in the action, the Clerk is directed to mail a copy of this Order via first class mail to its address of service. *See* Doc. 7 ("Affidavit of Service," indicating service on January 12, 2021, on Jason Nally, Teladoc's registered agent for service).  Defendant American Stock has appeared in the action, Doc. 9,  so shall receive electronic notice of this Order upon counsel.

If, upon review of the parties' affidavits, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court will dismiss  the  action without prejudice to Plaintiff filing the action, if so advised, in  an  appropriate

---

[5]  The Court notes that each Defendant in the action has been served with the summons and Complaint.  *See* Doc.6 ("Affidavit of Service," on American Stock's Authorized Agent, J. Lopez, on January 6, 2021) and Doc. 7 ("Affidavit of Service," on Teladoc's Registered Agent, Jason Nally, on January 12, 2021).

jurisdiction.[6]

It is SO ORDERED.

Dated: New Haven, Connecticut
January 27, 2021

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[6] The Court notes that Plaintiff attempts to invoke the court's "supplemental jurisdiction" over her state law claims under 28 U.S.C. § 1367.  Under the heading "Jurisdiction & Venue," she states:

> Plaintiff also brings certain claims as denoted herein pursuant to 28 U.S.C. § 1367, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

Doc. 1, at 2 (¶ 3).  There cannot, however, be supplemental jurisdiction over state law claims absent a basis for federal jurisdiction in the action.  "[A] district court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'" *Cohen v. Postal Holdings*, LLC, 873 F.3d 394, 399 (2d Cir. 2017) (discussing 28 U.S.C. § 1367(a) and quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). There must first be "claims predicated on federal jurisdiction" in order for state law "claims to be piggy-backed into the federal court," *Manway Const. Co. v. Hous. Auth. of City of Hartford,* 711 F.2d 501, 504 (2d Cir. 1983).  In the present action, Plaintiff's claims all arise under state law (breach of fiduciary duty, negligence, breach of contract, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a, *et seq.*).  Consequently, the state law claims do not form part of the "same case and controversy" as a federal claim in the case.  Under these circumstances, there can be no exercise of supplemental jurisdiction.  There must be diversity subject matter jurisdiction for this case to proceed in federal court.