UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN LANNUNZIATA,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN STOCK TRANSFER &<br>TRUST COMPANY, LLC, AND TELADOC<br>HEALTH, INC.,<br><br>    Defendants. | Civil Action No.<br>3: 20 - CV - 1865  (CSH)<br><br><br><br><br>FEBRUARY 28, 2021 |

## ORDER RE: SUBJECT MATTER JURISDICTION

On January 27, 2021, the Court ordered that the parties in the case each establish, by affidavit, citizenship for diversity purposes on the date the action commenced, December 15, 2020. *See* Doc. 10. Each party has responded to that Order by submitting one or more affidavits. Upon review of the submissions, the Court has determined that the action may proceed because the parties have shown that Plaintiff's citizenship is diverse from that of all Defendants. *See Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

In particular, Plaintiff, Lynn Lannunziata, an individual, has testified that her "true fixed home" on the date the action commenced was (and is) Hamden, Connecticut. Doc. 13 (Lannunziata Affidavit, dated 2/10/2021), ¶¶ 2, 5-6. Thus, as of December 15, 2020, Hamden, Connecticut, was (and remains) her "domicile and principal place of residence." *Id.* ¶ 5. Under these circumstances, Plaintiff is a citizen of Connecticut. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.").

With respect to Defendant Teladoc Health, Inc., according to its Vice President and Corporate Counsel, John D. Albright, that entity is "a corporation organized under the laws of the State of Delaware" with its "principal place of business [located] at 2 Manhattanville Road, Purchase, New York." Doc. 19 (Albright Affidavit, dated 2/19/2021), ¶ 2. Accordingly, under 28 U.S.C. § 1332(c)(1), as Albright asserts, "Teladoc Health, Inc. is a citizen of the States of Delaware and New York for the purposes of subject matter jurisdiction."[1] *Id.*

Finally, with respect to Defendant American Stock Transfer & Trust Company, LLC (herein "AST"), that entity's Executive Vice President and General Counsel, M. Asher F. Richelli, has provided sufficient facts to establish that it is a citizen of the States of Delaware and New York for diversity purposes. Doc. 20 (Richelli Affidavit, dated 2/18/2021), ¶¶ 3-4. Specifically, AST is a limited liability company so that its citizenship is determined by the citizenship of its members. *See, e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) (For diversity purposes, "a limited liability company . . . takes the citizenship of each of its members.") (citation omitted). When this action commenced (and at present), AST's "sole member" was Armor Holding II LLC, a New York limited liability company," which in turn was (and is) comprised of one sole member, Armor Intermediate Company LLC, a Delaware limited liability company with its principal place of business in New York. *Id.* ¶ 3.  Moreover, on the date this action commenced,

---

[1] With respect to the citizenship of corporations, 28 U.S.C. § 1332 provides in relevant part:

> (1) [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

28 U.S.C. § 1332(c)(1).

December 15, 2020, Armor Intermediate Company LLC's only member was (and is) Armor Holdco, Inc., a Delaware corporation with its principal place of business located in New York. *Id. See also* 28 U.S.C. § 1332(c)(1). Therefore, tracing the citizenship of limited liability company AST through limited liability companies Armor Holding II LLC and Armor Intermediate Company LLC to the citizenship of the corporation Armor Holdco, Inc., AST is (and was) a citizen of Delaware and New York for diversity purposes. *Id.* ¶ 4. *See also* Doc. 14 (Affidavit of Joshua B. Kons, Plaintiff's counsel), ¶ 11 (asserting that "Armor Holdco, Inc. was incorporated in Delaware and has its principal place of business in New York" and providing supporting documentation (Ex. 5 & 6) (N.Y.S. Department of State, Division of Corporations, "Entity Information;" and U.S. Security and Exchange Commission, SEC.report.com, corporate registration information)).

Based on the foregoing facts, the Court concludes that for diversity purposes, Plaintiff is a citizen of Connecticut, and Defendants Teladoc Health, Inc. and AST are each citizens of Delaware and New York. There exists complete diversity of citizenship under 28 U.S.C. § 1332(a)(1). Because the Court has confirmed its subject matter jurisdiction, the case may proceed.

The Defendants must answer or respond to Plaintiff's Complaint on or before **March 31, 2021.** Furthermore, pursuant to Local Civil Rule 26(f)(1), the parties must "confer for the purposes described in Fed. R. Civ. P. 26(f)" on or before **March 31, 2021**, and "[w]ithin fourteen (14) days after the conference," they shall "jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix" to this Court's Local Rules. D. Conn. L. Civ. R. 26(f)(1). Upon review of the parties' proposed case deadlines in their "Form 26(f) Report of Parties' Planning

Meeting," the Court will enter a scheduling order for the case.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 28, 2021

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge