**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LYNN LANNUNZIATA, ) | CASE NO: 3:20-cv-01865-CSH |
| ) | |
| ) | **JOINT 26(F) REPORT** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN STOCK TRANSFER & ) | |
| TRUST COMPANY, LLC, AND ) | April 14, 2021 |
| TELADOC HEALTH, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:        December 11, 2020

Date Complaint Served:        As to Defendant American Stock Transfer & Trust Company, LLC:

January 6, 2021.  As to Defendant Teladoc Health, Inc.:  January 14, 2021.

Date of Defendants' Appearance:        Prior counsel for Defendant American Stock Transfer &

Trust Company, LLC appeared on January 22, 2021.  Current counsel appeared on March 31,

2021.  Counsel for Defendant Teladoc Health, Inc. appeared on February 19, 2021.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held

by telephone call on March 31, 2020.  The participants were:

For the Plaintiff:

Joshua B. Kons, Esq.
LAW OFFICES OF JOSHUA B. KONS, LLC
92 Hopmeadow Street, Lower Level
Weatogue, CT 06089
T: (860) 920-5181
E: joshuakons@konslaw.com

1

For the Defendants:

Kristen Grace Rossetti
Verrill Dana LLP
355 Riverside Avenue
Westport, CT 06880
203-222-0885
Fax: 203-226-8025
Email: krossetti@verrill-law.com

## I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients by and through its

representatives, they have discussed the nature and basis of the parties' claims and defenses

and any possibilities for achieving a prompt settlement or other resolution of the case and,

in consultation with their clients, have developed the following proposed case management

plan.  Counsel further certifies that they have forwarded a copy of this report to their clients.

## II.  JURISDICTION

### A.  Subject Matter Jurisdiction

This Court has subject matter jurisdiction over the claims in this action under 28

U.S.C. § 1332(a)(2).

### B.  Personal Jurisdiction

Personal jurisdiction is not disputed.

## III.  BRIEF DESCRIPTION OF CASE

This is an action for damages regarding the alleged breach of fiduciary duty, negligence,

breach of contract as intended third party beneficiary, and unfair trade practices with regard

to the escheatment of common stock in Teladoc Health, Inc. f/k/a Teladoc, Inc. ("Teladoc")

that Defendants held in trust for the benefit of the Plaintiff, who purchased such stock under

the terms of an employee stock option exercise.

**A.     Claims of Plaintiff**

The following is alleged by Plaintiff:

Plaintiff alleged that Defendants held common stock in Teladoc for the benefit of the Plaintiff, and are liable to Plaintiff for escheating such shares to the State of Connecticut under various common law duties as well as for engaging an in unfair trade practice by escheating the stock without notice to the Plaintiff.

**B.     Defenses and Claims of Defendants**

The following are the defenses of Defendants American Stock Transfer & Trust Company, LLC ("AST") and Teladoc:

In addition to the affirmative defenses set forth in their Answers (Doc. Nos. 26, 27), Defendants allege that Plaintiff never properly informed Defendants of her address. Defendants further allege that they acted properly with regard to the holding and escheatment of Plaintiff's stock.

**IV.     STATEMENT OF UNDISPUTED FACTS**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

- Plaintiff is a natural person.

- Defendant AST is a New York limited liability company.

- Defendant Teladoc is a Delaware corporation.

- Plaintiff was an employee of Teladoc from May 2013 to June 2015.

- Plaintiff purchased common stock of Teladoc pursuant to a stock option exercise around the time of Teladoc's Initial Public Offering.

- Defendant AST held Plaintiff's shares in its capacity as transfer agent of Defendant Teladoc.

## V.   CASE MANAGEMENT PLAN

### A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

### B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.   Early Settlement Conference

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement remains possible although the prospects are unknown.

2.   The parties request an early settlement conference.

3.   The parties prefer a settlement conference with a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.   Joinder of Parties and Amendment of Pleadings

1.   The Plaintiff does not anticipate the need to join any additional parties or to amend the pleadings.

2.   The Defendants do not anticipate the need to join any additional parties or to amend the pleadings.

**E.       Discovery**

1.       The parties anticipate that discovery will include, but is not limited to, the following

subjects:

- All documents related to the Plaintiff's Teladoc stock.

- All documents relating to Plaintiff's notice of change of address.

- All documents relating to Plaintiff's termination with Teladoc.

- All communications Plaintiff had with AST regarding her stock.

- All communications Plaintiff's domestic partner/boyfriend had with AST regarding her stock.

- All communications Plaintiff had with Teladoc regarding her change of address.

- All communications Plaintiff's domestic partner/boyfriend had with Teladoc regarding her stock or her change of address.

- All documents sent by Defendants to the Plaintiff regarding the Teladoc stock.

- All documents or recordings evidencing communications between the Defendants regarding the Plaintiff.

- Documents related to the Teladoc employee stock option plan as it related to Plaintiff.

- Written documentation related to Defendants' policies and procedures related to their escheatment, abandonment of stock, asset recovery, lost securityholders, and/or compliance with Rule 17Ad-17 of the Securities Exchange Act of 1934 (the "Safeguarding Rule"), as amended.

5

- All documents evidencing Defendants' diligence in attempting to locate the current address of the Plaintiff.

- All documents evidencing Defendants' attempts to communicate with the Plaintiff regarding the Teladoc stock at issue.

- All documents relating to any attempts by the Plaintiff or her domestic partner/boyfriend to inform Teladoc or AST of her change of address.

- The Defendants' policies and procedures related to the abandonment of common stock.

- All contracts or other agreements between the Defendants regarding custody, transfer agency, or asset recovery services.

- The bases for Defendants' defenses; and

- Plaintiff's allegations in the Complaint, including actual damages.

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method, and the Parties' rights to object to discovery as propounded are expressly preserved.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by May 1, 2021 and completed by March 1, 2022.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff may require as many four (4) depositions of fact witnesses and that the Defendants may require as many as four (4) depositions of fact witnesses.  The depositions will be completed by March 1, 2022.

5. The parties will not request permission to serve more than 25 interrogatories.

6

6.      Plaintiff does not intend to call expert witnesses at the present time.  Plaintiffs will

designate all trial experts and provide opposing counsel with reports from retained

experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 1, 2021.  Depositions of

any such experts will be completed by March 1, 2022.

7.      Defendants reserve the right to call expert witnesses, or rebuttal expert witnesses at

trial.  Defendants will designate all trial or rebuttal experts and provide opposing

counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by

December 1, 2021.  Depositions of such experts will be completed by March 1,

2022.

8.      A damages analysis will be provided by any party who has a claim or counterclaim

for damages by November 1, 2021.

9.      Undersigned counsel have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which

such data shall be produced, search terms to be applied in connection with the

retrieval and production of such information, the location and format of

electronically stored information, appropriate steps to preserve electronically stored

information, and the allocation of costs of assembling and producing such

information.  The parties agree to the following procedures for the preservation,

disclosure and management of electronically stored information:

The parties will preserve all electronically stored information and accept disclosure

of electronically stored information as PDF documents.  The Parties will undertake

to search their electronically stored records for responsive documents and

information by utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.

10.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production.  Following is the position of each party:

In addition to the procedures delineated in FRCP 26(b)(5), any Party who becomes aware of having received from a disclosing party a document which, on its face, appears to be (a) subject to privilege or the work product doctrine and (b) produced through error or inadvertence, will promptly notify the disclosing party of the disclosure.  The disclosing party will then have seven (7) days within which to invoke the procedures set forth in FRCP 26(b)(5)(B) except that the recipient will be subject to the requirements and prohibitions set forth in FRCP 26(b)(5)(B) from the date upon which such party becomes aware of having received the document until the later of the expiration of ten (10) days from notice to the producing party or the date upon which the claim of privilege is resolved.

**F.    Dispositive Motions**

Dispositive motions, if any, will be filed on or before April 15, 2022.

**G.    Joint Trial Memorandum**

The joint trial memorandum required by the standing order on trial memoranda in civil cases will be filed on May 1, 2022 or 30 days after the Court's ruling on any Motion for Summary Judgment.

## VI.    TRIAL READINESS

The case will be ready for trial thirty (30) days after the Joint Trial Memorandum is filed.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

## VII.    OTHER MATTERS

Counsel for Plaintiff, Joshua B. Kons, will be on "paternity leave" from approximately

May 20 through June 20, 2021.  Counsel for Defendants, Kristen Rossetti, will be on

"maternity leave" from approximately June 15 through September 15, 2021.  Nothing

regarding these respective parental leaves will delay prosecution of this matter.


Respectfully submitted,

Dated this April 14, 2021


| By: /s/ Joshua B. Kons | By: /s/ Kristen Grace Rossetti |
|---|---|
| Joshua B. Kons, Esq.<br>LAW OFFICES OF JOSHUA B. KONS, LLC<br>92 Hopmeadow Street, Lower Level<br>Weatogue, CT 06089<br>T: (860) 920-5181<br>E: joshuakons@konslaw.com<br>*Attorney for Plaintiff* | Kristen Grace Rossetti<br>Verrill Dana LLP<br>355 Riverside Avenue<br>Westport, CT 06880<br>203-222-0885<br>Fax: 203-226-8025<br>Email: krossetti@verrill-law.com<br>*Attorney for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

 /s/  Kristen Grace Rossetti
Kristen Grace Rossetti (ct30503)
VERRILL DANA LLP
355 Riverside Avenue
Westport, CT  06880
Tel:  203-222-0885
Fax:  203-226-8025
krossetti@verrill-law.com

14851094_3